# Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds Circuit Court - Jackson)
## CIVIL DOCKET FOR CASE #: 25CI1:22-cv-00178-EFP

COHLY v. MISSISSIPPI INSTITUTIONS OF HIGHER
LEARNING et al
Assigned to: Judge Eleanor Faye Peterson

**Upcoming Settings:**

None Found

Date Filed: 03/28/2022
Current Days Pending: 79
Total Case Age: 79
Jury Demand: None
Nature of Suit: Other Civil Rights (41)

---

**<u>Plaintiff</u>**
**DR HARI COHLY**

represented by **James Michael Priest, Jr**
Gill Ladner & Priest PLLC
344 Highway 51, Suite 200
RIDGELAND, MS 39157
601-352-5700
Fax: 601-352-5353
Email: jamie@glplawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**
**MISSISSIPPI INSTITUTIONS OF
HIGHER LEARNING**

**<u>Defendant</u>**
**JACKSON STATE UNIVERSITY**

**<u>Defendant</u>**
**WILLIAM B BYNUM, JR**

**<u>Defendant</u>**
**LYNDA BROWN-WRIGHT**

**<u>Defendant</u>**
**WILBUR WALTERS, JR**

**<u>Defendant</u>**
**RAMZI M KAFOURY**

**<u>Defendant</u>**
**RICHARD A ALO**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| | | |

**Exhibit "C"**

| 03/28/2022 | 2 | COMPLAINT against RICHARD A ALO, LYNDA BROWN-WRIGHT, WILLIAM B BYNUM, JR, JACKSON STATE UNIVERSITY, RAMZI M KAFOURY, MISSISSIPPI INSTITUTIONS OF HIGHER LEARNING, WILBUR WALTERS, JR, filed by HARI COHLY. (Attachments: # 1 Civil Cover Sheet,) (KB) (Entered: 03/28/2022) |
| 03/28/2022 | 3 | SUMMONS Issued to RICHARD A ALO. (KB) (Entered: 03/28/2022) |
| 03/28/2022 | 4 | SUMMONS Issued to RAMZI M KAFOURY. (KB) (Entered: 03/28/2022) |
| 03/28/2022 | 5 | SUMMONS Issued to WILBUR WALTERS, JR. (KB) (Entered: 03/28/2022) |
| 03/28/2022 | 6 | SUMMONS Issued to LYNDA BROWN-WRIGHT. (KB) (Entered: 03/28/2022) |
| 03/28/2022 | 7 | SUMMONS Issued to WILLIAM B BYNUM, JR. (KB) (Entered: 03/28/2022) |
| 03/28/2022 | 8 | SUMMONS Issued to JACKSON STATE UNIVERSITY. (KB) (Entered: 03/28/2022) |
| 03/28/2022 | 9 | SUMMONS Issued to MISSISSIPPI INSTITUTIONS OF HIGHER LEARNING. (KB) (Entered: 03/28/2022) |

| **MEC Service Center** | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 06/15/2022 14:21:29 | | | |
| **You will be charged $0.20 per page to view or print documents.** | | | |
| **MEC Login:** | pm9836M | **Client Code:** | 19064 |
| **Description:** | Docket Report | **Search Criteria:** | 25CI1:22-cv-00178-EFP |
| **Billable Pages:** | 2 | **Cost:** | 0.40 |

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

HARI COHLY                                                          PLAINTIFF

v.

Civil Action No. ___22-178___

MISSISSIPPI INSTITUTIONS OF
HIGHER LEARNING, JACKSON
STATE UNIVERSITY, WILLIAM B.
BYNUM, JR., LYNDA BROWN-
WRIGHT, WILBUR WALTERS, JR.,
RAMZI M. KAFOURY, and RICHARD
A. ALO                                                             DEFENDANTS

**COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND
DAMAGES
(Jury Trial Demanded)**

Hari Cohly was a tenured professor at Jackson State University. The university and the

other defendants denied him due process in his suspension and termination, the university

breached his employment contract, and certain individual defendants maliciously interfered with

his employment contract. The plaintiff files this complaint for recovery of damages and

injunctive relief under 42 U.S.C. § 1983, declaratory relief pursuant to Mississippi Rule of Civil

Procedure 57, and for damages and injunctive relief under state law. In support of his claims, the

plaintiff states:

**PARTIES**

1.  The plaintiff Hari Cohly (Dr. Cohly) is an adult citizen of Mississippi who resides at 506

    Taylor Street, Jackson, Mississippi 39216.

2.  Mississippi Institutions of Higher Learning (IHL) is a department of the State of

    Mississippi which may be served with process of the Court through service upon Jim

Hood, Attorney General of Mississippi, 550 High Street, Suite 1200, Jackson, Mississippi 39201.

3. Jackson State University (JSU) is an institution of the State of Mississippi which may be served with process of the Court through service upon Jim Hood, Attorney General of Mississippi, 550 High Street, Suite 1200, Jackson, Mississippi 39201.

4. William B. Bynum, Jr. (Dr. Bynum) is believed to be an adult citizen of Mississippi. He is sued in his official capacity as President of Jackson State University and in his individual capacity. He may be served with process of the Court at his business address, Jackson State University, 1400 John R. Lynch Street, Jackson, Mississippi 39217.

5. Lynda Brown-Wright (Dr. Brown-Wright) is believed to be an adult citizen of Mississippi. She is sued in her official capacity as Provost and Vice President for Academic Affairs of Jackson State University. She may be served with process of the Court at his business address, Jackson State University,1400 John R. Lynch Street, Jackson, Mississippi 39217.

6. Wilbur Walters, Jr. (Dr. Walters) is believed to be an adult citizen of Mississippi. He is sued in his individual capacity. He may be served with process of the Court at his business address, Jackson State University, 1400 John R. Lynch Street, Jackson, Mississippi 39217.

7. Ramzi M. Kafoury (Dr. Kafoury) is believed to be an adult citizen of Mississippi. He is sued in his individual capacity. He may be served with process of the Court at his business address, Jackson State University, 1400 John R. Lynch Street, Jackson, Mississippi 39217.

8. Richard A. Alo (Dr. Alo) is believed to be an adult citizen of Florida. He is sued in his individual capacity. He may be served with process of the Court at his business address,

Florida Agricultural and Mechanical University, 1601 South Martin L. King, Jr.

Boulevard, Tallahassee, Florida 32307

### JURISDICTION AND VENUE

9.  This Court has jurisdiction over the subject matter of this lawsuit pursuant to Miss. Code

Ann. § 9-7-81. Venue is proper in this county and judicial district pursuant to to Miss.

Code Ann. § 11-11-3.

### FACTS

10. The plaintiff Dr. Cohly was an associate professor in the Department of Biology in the

College of Science, Engineering and Technology (CSET) at Jackson State University. He

began employment with JSU in 2005. The plaintiff received tenure in 2011.

11. On January 16, 2015, JSU placed Dr. Cohly on administrative leave upon the

recommendation of the defendant Dr. Alo. At the time, Dr. Alo was the CSET dean. Per

JSU's executive director of human resources, Dr. Cohly would be on leave "pending the

outcome of [Dr. Alo's] investigation regarding violation of protocol and procedures by

conducting unapproved research and utilizing unauthorized student worker(s) to assist in

this research."

12. Upon information and belief, Dr. Alo's initiation of the investigation and

recommendation that Dr. Cohly be placed on administrative leave was based on charges

asserted by the defendant Dr. Kafoury, the interim chair of the Department of Biology.

13. Dr. Cohly had previously objected to Dr. Kafoury's appointment as interim chair of his

department and had questioned Dr. Kafoury's qualifications for the position.

14. Dr. Kafoury exhibited contempt toward Dr. Cohly which appeared to arise from professional jealousy. Dr. Cohly had achieved far greater success that Dr. Kafoury in obtaining grants, patents, and outside funding for research.

15. Under Dr. Kafoury's leadership, the biology department provided Dr. Cohly with substandard laboratory facilities.

16. Dr. Kafoury's personal animus against Dr. Cohly was further illustrated by the former's obstruction of Dr. Cohly's request for FMLA leave to care for his ailing mother.

17. Dr. Kafoury also made demeaning comments based on Dr. Cohly's national origin.

18. Dr. Cohly received no notification of Dr. Kafoury's and Dr. Alo's charges of misconduct and investigation despite JSU's policies and procedures requiring written notice of such charges to tenured professors.

19. On May 8, 2015, Dr. Kafoury wrote Dr. Cohly notifying him of Dr. Kafoury's decision to recommend Dr. Cohly's termination "for failure to obtain Institutional Review Board and Biosafety Committee approval for research you were conducting at Jackson State University." Dr. Kafoury contended—without substantiation—that Dr. Cohly had performed research involving human urine, which research would require approval of JSU's Institutional Review Board and Biosafety Committee (IRB).

20. Dr. Kafoury conducted no investigation to substantiate or refute the charges of misconduct against Dr. Cohly instead relying upon the allegations of an undergraduate student who had assisted Dr. Cohly with some of his research.

21. Neither Dr. Kafoury nor Dr. Alo had substantive evidence that Dr. Cohly failed to obtain IRB approval for any research requiring such approval.

22. Dr. Cohly exercised his right as a tenured professor to appeal Dr. Kafoury's recommendation and to request a hearing before the University Faculty Personnel Committee.

23. JSU did not convene a hearing of the University Faculty Personnel Committee until April 19, 2018—over three years after Dr. Cohly had been placed on administrative leave.

24. During the April 19, 2018 hearing before the University Faculty Personnel Committee, Dr. Alo and Dr. Kafoury alleged that Dr. Cohly admitted to performing unauthorized research without IRB approval. Dr. Cohly denied the allegation.

25. During this hearing, Dr. Kafoury admitted that he believed Dr. Cohly had fabricated his mother's illness in his previous request for FMLA leave.

26. On April 23, 2018, the University Faculty Personnel Committee issued a memorandum setting forth the committee's finding that Dr. Cohly had satisfactorily substantiated his position. The committee recommended that JSU reinstate Dr. Cohly.

27. Over three months later, on August 2, 2018, Dr. Bynum, JSU President, wrote Dr. Cohly informing him that Dr. Bynum rejected the recommendation of the University Faculty Personnel Committee that Dr. Cohly be reinstated. Dr. Bynum's letter of said date stated, "I will instead accept the recommendation of the Interim Dean of the College of CSET [sic] to terminate your employment with Jackson State University." Dr. Walters was the Interim Dean of CSET at that time.

28. Neither Dr. Bynum nor Dr. Walters had substantive evidence that Dr. Cohly failed to obtain IRB approval for any research requiring such approval. Moreover, neither Dr.

Bynum nor Dr. Walters had substantive evidence of *any reason* to terminate Dr. Cohly for cause.

29. Dr. Cohly appealed Dr. Bynum's determination to IHL by letter of October 4, 2018. On March 29, 2019, IHL informed Dr. Cohly that it had rejected his request for review and had approved his termination.

30. JSU never provided Dr. Cohly formal notice of his termination.

31. Since JSU placed Dr. Cohly on administrative leave over four years ago, it has been impossible for him to engage in university-based research.

32. Since the beginning of his administrative leave, JSU has barred Dr. Cohly from its campus, and Dr. Cohly has been unable to collect his books, instruments, electronics, awards, personal photographs, and supplies that he bought with his own money from his office and lab.

33. Among other consequences, Dr. Cohly lost the opportunity to commercialize a patent he holds for a rust removal process. In Dr. Cohly's absence, JSU has taken no efforts to commercialize the patent.

34. Dr. Cohly is a proficient and successful grant writer. He would have secured grants and would have been promoted as a full tenured Professor. He was deprived of upward mobility in the ranks of academic arena and lost financial compensation which he would have obtained from the granting agencies.

35. Since his termination, Dr. Cohly has suffered financial loss through the loss of his salary and employee benefits including medical and dental insurance.

36. Dr. Cohly's termination has diminished the value of his account with the Public Employment Retirement System and has resulted in a decrease in the benefits payable from PERS.

37. The defendants' actions as detailed above have caused professional, reputational, and financial harm to Dr. Cohly and have resulted in his severe emotional distress. Dr. Cohly's suspension and termination have also harmed Dr. Cohly's physical health.

**COUNT ONE: CLAIMS UNDER 42 U.S.C. § 1983 FOR DENIAL OF DUE PROCESS**

38. Dr. Cohly had liberty and property interests in his continued employment with JSU, which interests are protected by the due process rights guaranteed under the Fourteenth Amendment.

39. The defendants denied Dr. Cohly procedural due process and deprived him of his Fourteenth Amendment rights by delaying his initial hearing before the University Faculty Personnel Committee for over three years.

40. The defendants further deprived Dr. Cohly of procedural due process by allowing Dr. Bynum to reject the findings of the University Faculty Personnel Committee and override its recommendation to reinstate Dr. Cohly without a further hearing and without any substantive evidence. Dr. Bynum's actions negated any due process that had been afforded by the University Faculty Personnel Committee hearing.

41. The defendants denied Dr. Cohly substantive due process and deprived him of his Fourteenth Amendment rights by terminating his employment without cause and without any substantive evidence that would support a termination for cause.

42. The defendants' actions resulted in financial, reputational, and emotional harm to Dr. Cohly.

43. The professional and reputational harm to Dr. Cohly can be remedied only by his reinstatement to his position as a tenured professor at JSU. He is therefore entitled to injunctive relief against IHL, JSU, and the individual defendants in their official capacities ordering his reinstatement.

44. Dr. Cohly is entitled to monetary damages against the individual defendants in their individual capacities to compensate him for the deprivation of his constitutional rights.

### COUNT TWO: BREACH OF CONTRACT

45. As a tenured professor, Dr. Cohly had contractual rights securing his continued employment by JSU and termination only upon a finding of cause for the same.

46. JSU breached Dr. Cohly's employment contract by terminating his employment without cause and without any substantive evidence of cause for termination.

47. The professional and reputational harm to Dr. Cohly caused by the breach of contract can be remedied only by his reinstatement to his position as a tenured professor at JSU. He is therefore entitled to injunctive relief against IHL, JSU, and the individual defendants in their official capacities ordering his reinstatement.

48. Alternatively, Dr. Cohly is entitled to all categories of contractual monetary damages available under the law from JSU.

### COUNT THREE: DECLARATORY JUDGMENT

49. Dr. Cohly incorporates the allegations of all preceding paragraphs as if fully set forth in this count.

50. Dr. Cohly is entitled to declaratory judgment, pursuant to Mississippi Rule of Civil
Procedure 57, that the actions of IHL, JSU, and the individual defendants in their official
capacities violated his Fourteenth Amendment rights and breached his employment
contract with JSU.

## COUNT FOUR: INTENTIONAL INTERFERENCE WITH CONTRACT

51. As a tenured professor, Dr. Cohly had contractual rights securing his continued
employment by JSU and termination only upon a finding of cause for the same.

52. Dr. Cohly's suspension and termination arose from personal animus on the part of Dr.
Kafoury, whose appointment as interim chair of JSU's department of biology had been
questioned by Dr. Cohly.

53. Drs. Bynum, Alo, and Walters acquiesced to and assisted Dr. Kafoury in securing Dr.
Cohly's termination.

54. The actions of Drs. Kafoury, Bynum, Alo, and Walters constituted intentional and
malicious interference with Dr. Cohly's employment contract with JSU.

55. Dr. Cohly is therefore entitled to compensatory and punitive damages against Drs.
Kafoury, Bynum, Alo, and Walters.

WHEREFORE, the plaintiff Hari Cohly seeks judgment as follows:

1. Injunction against IHL, JSU, and the defendants in their official capacities ordering Dr.
Cohly's reinstatement to his tenured position at JSU, promotion to full professor,
correction of his personnel records to show Dr. Cohly was guilty of no misconduct, and
transfer of JSU's interest in the patent for the rust removal process to Dr. Cohly.

2. Declaratory judgment against IHL, JSU, and the defendants in their official capacities that these defendants violated Dr. Cohly's Fourteenth Amendment and contractual rights.

3. Judgment against the individual defendants named in their individual capacities for compensatory damages for violation of Dr. Cohly's Fourteenth Amendment rights and malicious interference with his employment contract.

4. Judgment for contractual damages against JSU.

5. Judgment for punitive damages against Dr. Bynum, Walters, Alo, and Kafoury in their individual capacities.

6. Judgment for all costs and expenses of this action including attorney fees under 42 U.S.C. § 1988.

7. Judgment for any other injunctive, declaratory, or monetary relief available under law and supported by the evidence whether specifically requested above.

Dated: March 28, 2022.

Respectfully submitted,

HARI COHLY

By: _____,
James M. Priest, Jr.,
His Attorney

Of Counsel:

James M. Priest, Jr., MSB # 99352
GILL, LADNER & PRIEST, PLLC
344 Highway 51, Second Floor
Ridgeland, MS 39157
(601) 352-5700
jamie@glplawfirm.com

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|

**Z S** | County #   **I** Judicial District   **C I** Court ID (CH, CI, CO)    Case Year **2 0 2 2**    Docket Number **1 7 8**

Local Docket ID

**0 3 2 8 2 2**
Month   Date   Year

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2020)

This area to be completed by clerk    Case Number if filed prior to 1/1/94

In the **CIRCUIT** Court of   **HINDS**    County — **FIRST**   Judicial District

**Origin of Suit (Place an "X" in one box only)**

[X] Initial Filing   [ ] Reinstated   [ ] Foreign Judgment Enrolled   [ ] Transfer from Other court   [ ] Other
[ ] Remanded   [ ] Reopened   [ ] Joining Suit/Action   [ ] Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

**Individual**   Cohly (Last Name)   Hari (First Name)   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ____

**Business**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ____

**Address of Plaintiff**   506 Taylor St. Jackson, MS 39216

**Attorney (Name & Address)**   James M. Priest, Jr. 344 Hwy 51 # 200 Ridgeland, MS 39157    MS Bar No. 99352

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

**Individual**   Last Name   First Name   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ____

**Business**   Mississippi Institutions of Higher Learning

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ____

**Attorney (Name & Address) - If Known**    MS Bar No.

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Alcohol/Drug Commitment (Voluntary) | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Other | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Adoption - Contested | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Adoption - Uncontested | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Consent to Abortion | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | [ ] Minor Removal of Minority | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Other | [ ] Partition |
| [ ] Modification | [ ] Other | **Civil Rights** | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Elections | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Expungement | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Habeas Corpus | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | [ ] Post Conviction Relief/Prisoner | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [X] Other Section 1983 | [ ] Fraud |
| [ ] Other | [ ] Guardianship | **Contract** | [ ] Intentional Tort |
| **Appeals** | [ ] Joint Conservatorship & Guardianship | [ ] Breach of Contract | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Heirship | [ ] Installment Contract | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Intestate Estate | [ ] Insurance | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Minor's Settlement | [ ] Specific Performance | [ ] Mass Tort |
| [ ] Justice Court | [ ] Muniment of Title | [ ] Other | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Name Change | **Statutes/Rules** | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Testate Estate | [ ] Bond Validation | [ ] Premises Liability |
| [ ] Other | [ ] Will Contest | [ ] Civil Forfeiture | [ ] Product Liability |
| | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Declaratory Judgment | [ ] Subrogation |
| | | [ ] Injunction or Restraining Order | [ ] Wrongful Death |
| | | [ ] Other | [ ] Other |

**IN THE** <u>CIRCUIT</u> **COURT OF** <u>HINDS</u> **COUNTY, MISSISSIPPI**

<u>FIRST</u> **JUDICIAL DISTRICT, CITY OF** _____

Docket No._____ - _____ _____   Docket No. If Filed
　　　　　File Yr　　　Chronological No.　　　Clerk's Local ID　　Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of ⊇ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

**Individual**: _____  _____  (_____)  _____  _____
　　　　　　　Last Name　　　　First Name　　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** Jackson State University _____
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ _Pro Hac Vice_ (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual**: Bynum Jr. _____  William _____  (_____)  B. _____  _____
　　　　　　　Last Name　　　　First Name　　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ _Pro Hac Vice_ (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual**: Brown-Wright _____  Lynda _____  (_____)  _____  _____
　　　　　　　Last Name　　　　First Name　　　Maiden Name, if Applicable　Middle Init.　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ _Pro Hac Vice_ (✓)___ Not an Attorney(✓)___

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF

Docket No._____ - _____  _____
     File Yr       Chronological No.     Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94_____

**DEFENDANTS IN REFERENCED CAUSE - Page 2 of 2 Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant # 5 :**

**Individual**: <u>Walters Jr.</u>    <u>Wilbur</u>    ( _____ ) _____ _____
          Last Name         First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # 6 :**

**Individual**: <u>Kafoury</u>    <u>Ramzi</u>    ( _____ ) _____ _____
          Last Name         First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # 7 :**

**Individual**: <u>Alo</u>    <u>Richard</u>    ( _____ ) _____ _____
          Last Name         First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT**: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

HARI COHLY                                                        PLAINTIFF

v.

Civil Action No. _____22-178_____

MISSISSIPPI INSTITUTIONS OF
HIGHER LEARNING, JACKSON
STATE UNIVERSITY, WILLIAM B.
BYNUM, JR., LYNDA BROWN-
WRIGHT, WILBUR WALTERS, JR.,
RAMZI M. KAFOURY, and RICHARD
A. ALO                                                           DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   Richard A. Alo
      Florida Agricultural and Mechanical University
      1601 South Martin L. King, Jr. Boulevard
      Tallahassee, FL 32307

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to James M.
Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway
51, Second Floor, Ridgeland, Mississippi 39157.  Your response must be mailed or delivered within thirty
(30) days from the date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

        Issued under my hand and the seal of said Court, this  _28_  day of March, 2022.

                                        ZACK WALLACE,
                                        CIRCUIT CLERK

(Seal)                          By:  _____
                                        Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

HARI COHLY                                                      PLAINTIFF

v.

Civil Action No. _____22-178_____

MISSISSIPPI INSTITUTIONS OF
HIGHER LEARNING, JACKSON
STATE UNIVERSITY, WILLIAM B.
BYNUM, JR., LYNDA BROWN-
WRIGHT, WILBUR WALTERS, JR.,
RAMZI M. KAFOURY, and RICHARD
A. ALO                                                          DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   Ramzi M. Kafoury
      Jackson State University
      1400 John R. Lynch Street
      Jackson, MS 39217

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

      You are required to mail or hand-deliver a copy of a written response to the Complaint to James M.
Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway
51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty
(30) days from the date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

      You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

      Issued under my hand and the seal of said Court, this ___28___ day of March, 2022.

                                          ZACK WALLACE,
                                          CIRCUIT CLERK

      (Seal)                        By:   _Karla Bailey, jr_____
                                          Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

HARI COHLY                                                      PLAINTIFF

v.

Civil Action No. ___22-178___

MISSISSIPPI INSTITUTIONS OF
HIGHER LEARNING, JACKSON
STATE UNIVERSITY, WILLIAM B.
BYNUM, JR., LYNDA BROWN-
WRIGHT, WILBUR WALTERS, JR.,
RAMZI M. KAFOURY, and RICHARD
A. ALO                                                         DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   Wilbur Walters, Jr.
      Jackson State University
      1400 John R. Lynch Street
      Jackson, MS 39217

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to James M.
Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway
51, Second Floor, Ridgeland, Mississippi 39157.  Your response must be mailed or delivered within thirty
(30) days from the date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

        Issued under my hand and the seal of said Court, this __28__ day of March, 2022.

                                        ZACK WALLACE,
                                        CIRCUIT CLERK

(Seal)                          By:     _Karla Bailey, pl_____
                                        Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

HARI COHLY                                                                        PLAINTIFF

v.
                                                         Civil Action No. ___22-178___

MISSISSIPPI INSTITUTIONS OF
HIGHER LEARNING, JACKSON
STATE UNIVERSITY, WILLIAM B.
BYNUM, JR., LYNDA BROWN-
WRIGHT, WILBUR WALTERS, JR.,
RAMZI M. KAFOURY, and RICHARD
A. ALO                                                                            DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   Lynda Brown-Wright, Vice President for Academic Affairs
      Jackson State University
      1400 John R. Lynch Street
      Jackson, MS 39217

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

   You are required to mail or hand-deliver a copy of a written response to the Complaint to James M.
Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway
51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty
(30) days from the date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

   You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

   Issued under my hand and the seal of said Court, this __28__ day of March, 2022.

                                        ZACK WALLACE,
                                        CIRCUIT CLERK

(Seal)                          By:    _____
                                        Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

HARI COHLY                                                                    PLAINTIFF

v.

Civil Action No. ___22-178___

MISSISSIPPI INSTITUTIONS OF
HIGHER LEARNING, JACKSON
STATE UNIVERSITY, WILLIAM B.
BYNUM, JR., LYNDA BROWN-
WRIGHT, WILBUR WALTERS, JR.,
RAMZI M. KAFOURY, and RICHARD
A. ALO                                                                        DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   William B. Bynum, Jr., President
      Jackson State University
      1400 John R. Lynch Street
      Jackson, MS 39217

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to James M.
Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway
51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty
(30) days from the date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

        Issued under my hand and the seal of said Court, this __28__ day of March, 2022.

                                        ZACK WALLACE,
                                        CIRCUIT CLERK

(Seal)                        By: ___Karla Bailey, jr___
                                        Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

HARI COHLY                                                              PLAINTIFF

v.

Civil Action No. _22-178_____

MISSISSIPPI INSTITUTIONS OF
HIGHER LEARNING, JACKSON
STATE UNIVERSITY, WILLIAM B.
BYNUM, JR., LYNDA BROWN-
WRIGHT, WILBUR WALTERS, JR.,
RAMZI M. KAFOURY, and RICHARD
A. ALO                                                                  DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   Jackson State University, by and through
      Lynn Fitch, Attorney General of Mississippi
      550 High Street, Ste. 1200
      Jackson, MS 39201

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to James M.
Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway
51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty
(30) days from the date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this _28_ day of March, 2022.

ZACK WALLACE,
CIRCUIT CLERK

(Seal)                        By: _Karla Bailey, DC_____
                              Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

HARI COHLY                                                                 PLAINTIFF

v.

                         Civil Action No. _____22-178_____

MISSISSIPPI INSTITUTIONS OF
HIGHER LEARNING, JACKSON
STATE UNIVERSITY, WILLIAM B.
BYNUM, JR., LYNDA BROWN-
WRIGHT, WILBUR WALTERS, JR.,
RAMZI M. KAFOURY, and RICHARD
A. ALO                                                                     DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

      TO:    Mississippi Institutions of Higher Learning, by and through
              Lynn Fitch, Attorney General of Mississippi
              550 High Street, Ste. 1200
              Jackson, MS 39201

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

      You are required to mail or hand-deliver a copy of a written response to the Complaint to James M.
Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway
51, Second Floor, Ridgeland, Mississippi 39157.  Your response must be mailed or delivered within thirty
(30) days from the date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

      You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

      Issued under my hand and the seal of said Court, this ___28___ day of March, 2022.

                              ZACK WALLACE,
                              CIRCUIT CLERK

(Seal)                     By:      _Karla Bailey, pr_
                              Deputy Clerk